UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
JACKSONVILLE DIVISION

JHONDRA ZAYIRA BALTODANO-RODRIGUEZ,

Petitioner,

v. Case No. 3:26-cv-1956-MMH-SJH

GARRETT RIPA, et al.,

Respondents.

**ORDER**

Petitioner Jhondra Zayira Baltodano-Rodriguez, an immigration detainee, initiated this action by filing through counsel a Petition for Writ of Habeas Corpus (Doc. 1) on July 31, 2026. Baltodano-Rodriguez, a citizen of Nicaragua, was paroled into the United States on April 2, 2024. Doc. 6-1 at 2. United States Immigration and Customs Enforcement detained Baltodano-Rodriguez on May 28, 2026. Id. In Count One of Baltodano-Rodriguez's Petition, she argues that she is not subject to mandatory detention under 8 U.S.C. § 1225. Doc. 1 at 7–19. As relief, she seeks immediate release or an individualized bond hearing. Id. at 25.

The Eleventh Circuit Court of Appeals has concluded that "§ 1225 applies to arriving aliens seeking entry at the border, whereas § 1226 applies to aliens unlawfully in the interior." Hernandez Alvarez v. Warden, Fed. Det.

Ctr. Miami, 175 F.4th 1258, 1276 (11th Cir. 2026). Although Hernandez Alvarez did not directly address the circumstance of a petitioner, like Baltodano-Rodriguez, who is detained at or near the border, paroled into the United States, and is re-detained years later, its reasoning also applies to this case. Baltodano-Rodriguez was not seeking entry at the border when she was re-detained; therefore, she is not subject to § 1225. See id. at 1285 (recognizing the "longstanding border-interior distinction" for purposes of immigration detention that Congress preserved in the Immigration and Nationality Act).

Accordingly, it is **ORDERED**:

1. Baltodano-Rodriguez's Petition for Writ of Habeas Corpus (Doc. 1) is **GRANTED** as to Count One.[1] Within **seven days** of this Order, Respondents shall either afford Baltodano-Rodriguez an individualized bond hearing consistent with 8 U.S.C. § 1226(a) or release her. If Respondents release Baltodano-Rodriguez, they shall facilitate her transportation from the detention facility by notifying her counsel when and where she can be collected.

[1] Because the Court finds that Baltodano-Rodriguez is entitled to relief on her assertion that Respondents violated the Immigration and Nationality Act, the Court need not address her remaining contentions. See Banks v. Dretke, 540 U.S. 668, 689 n.10 (2004) (declining to address an additional claim in a habeas petition after granting relief on another claim because "any relief [petitioner] could obtain on that claim would be cumulative").

2. The **Clerk** is directed to terminate any pending motions, enter judgment granting the Petition as to Count One, and close the file.

**DONE AND ORDERED** at Jacksonville, Florida, this 8th day of September, 2026.

Marcia Morales Howard

**MARCIA MORALES HOWARD**
United States District Judge

Jax-9 9/4
c:
Counsel of Record